## BILL BURNS v. STATE.

No. A.-6635. Opinion Filed July 20, 1929.
(279 Pac. 932.)

Massingale & Duff and J. T. Bailey, for plaintiff in error.

J. G. Springer, Co. Atty., for the State.

CHAPPELL, J. The plaintiff in error, hereinafter called defendant, was convicted in the county court of Washita county on a charge of unlawful transportation of intoxicating liquors, and was sentenced to pay a fine of $250 and be imprisoned in the county jail for 60 days.

At the beginning of the term of court, and before the jury had been impaneled, the court read to the jury the statement or admonition contained in the case of Pate v. State, 15 Okla. Cr. 92, 93, 175 Pac. 122. The defendant complains that the delivery of this admonition to the jury panel was highly prejudicial to the rights of this defendant; that it intimidated the jury, and unduly singled out and stressed the violation of the prohibitory liquor laws, the crime which the defendant was charged with committing.

In the case of Pate v. State, supra, this court said:

"Remarks of the trial judge to the panel of jurors summoned at the beginning of the term at which defendant was convicted, examined, and held not to be prejudicial to this defendant, but properly within the scope of the trial court's duties."

It is the usual practice for trial courts to advise prospective jurors of the importance of their duty and the need of good men to serve as jurors, but the court should not single out particular classes of crime, or violation of particular laws, and place undue stress upon such offenses. The better practice is for the trial court in his statement to generally set before the jurors their qualifications and duties and then hear excuses. While the admonition of the court in the case at bar is not a model one, yet we are of the opinion that the substantial rights of the defendant were not prejudiced thereby. The giving

of such admonition by the court is not a statutory ground for challenge of the panel. This court will not reverse a case for the grounds set up in defendant's petition in error, unless it affirmatively appears that the rights of the defendant were prejudiced thereby. There being nothing in the record to indicate prejudice on the part of the jurors, the motion to quash the panel and the motion for new trial on such ground was properly overruled.

The evidence being sufficient to support the verdict of the jury, and the errors of law complained of not being fundamental, the cause is affirmed.

EDWARDS, P. J., and DAVENPORT, J., concur.