## VIRGIL COX v. STATE.

No. A-7575. Opinion Filed Aug. 29, 1930.
(291 Pac. 160.)

Darnell & La Rue, for plaintiff in error.

The Attorney General, for the State.

CHAPPELL, J. Plaintiff in error, hereinafter called defendant, was convicted in the county court of Custer county on a charge of selling intoxicating liquor, and his punishment fixed by the jury at a fine of $150 and 30 days in the county jail.

The evidence of the state was that the defendant sold a pint of whisky to one R. J. Smith on the 29th day of August, 1928. This evidence was corroborated by D. E. Smith, who is a brother of the witness R. J. Smith. These witnesses were employed by the officers of Custer county to procure evidence of the violation of the liquor laws of the state. The trial judge allowed defendant's counsel to carefully cross-examine these witnesses on their place of residence, their occupation, the amount they were being paid for their services and generally on all matters brought out by the state, but he refused to permit the defendant to cross-examine these witnesses on whether they participated in a street fight at Custer City, and if they had not taken a bottle of whisky to a blacksmith shop in Custer City and asked different persons to drink out of it, and if they had not hired one Lewis and wife to make some beer for them. The trial court sustained objections to questions along this line as not being proper cross-examination, incompetent, and immaterial. The defendant, testifying for himself, denied that he had sold the witness Smith any intoxicating liquor.

The defendant contends that the evidence was insufficient to support the verdict of the jury, but this contention is without merit.

Defendant next contends that the court erred in overruling his challenge to the jury panel, for the reason that the witnesses for the state in the case at bar had testified in the trial of three other cases against other defendants,

for other offenses, at the same term of court, and that such jurors were thereby prejudiced and would be disqualified to sit. This challenge to the panel was overruled and six of the regular jurors called into the box. The court permitted defendant's counsel to carefully examine the jurors on their voir dire and they all answered that the fact that the Smiths had been witnesses in other cases would not influence their verdict in the case at bar.

Defendant challenged the juror Dave Hughes for cause, because the juror stated his acquaintance with the defendant would prevent him from giving the defendant a fair trial. This juror was excused by the court. Defendant challenged the juror J. A. Powers for cause, for the reason that the juror stated he would rather not sit in the trial of the case. After further examination by the court, this challenge for cause was overruled. Defendant exercised none of his peremptory challenges and made no objection to the jury being sworn to try the cause.

In the case of Bills v. State, 48 Okla. Cr. 233, 290 Pac. 935, this court had under consideration the precise question raised by the defendant in the case at bar, in which the court said:

"Jurors who sat in the trial of a criminal case wherein certain witnesses testified, are not thereby disqualified to sit as jurors in the trial of another case against a different defendant, tried at the same term of court, where such witnesses will testify for the state in reference to a different offense and at a different time."

The evidence being sufficient to support the verdict of the jury, and the errors of law complained of being without substantial merit, the cause is affirmed.

EDWARDS, P. J., and DAVENPORT, J., concur.