# HORACE ROPER v. STATE.

No. A.-7486.   Opinion Filed Sept. 13, 1930.
(291 Pac. 157.)

Jesse H. Dunn, for plaintiff in error.

The Attorney General, for the State.

CHAPPELL, J.   Plaintiff in error, hereinafter called defendant, was convicted in the county court of Murray county on a charge of selling intoxicating liquor, and his punishment fixed by the jury at a fine of $100 and imprisonment in the county jail for a period of 30 days.

The evidence of the state was furnished by R. J. Smith and E. D. Smith, who were hired detectives and testified that they purchased a pint of whisky from defendant. The defendant testifying denied that he sold them any whisky.

Defendant filed a motion asking the court to quash the jury panel, for the reason that some of the jurors had sat in the trial of other cases, against other defendants, for the sale of liquor at different times and places, and that, by reason of the fact that the jurors had sat in such trials, they were disqualified, and the defendant could not have that fair and impartial trial guaranteed him by the Constitution and the laws of the state.

A challenge to the panel can only be predicated upon the grounds set forth in section 2659, C. O. S. 1921. It was not error, therefore, for the court to overrule the defendant's attempted challenge to the panel. The defendant should have challenged the jurors for cause upon their voir dire examination, and then should have exercised his peremptory challenges. Having failed to exercise any of his peremptory challenges, he will be held to have waived the same, and cannot now be heard to complain that he was not tried by a fair and impartial jury.

The evidence being sufficient to support the verdict of the jury, and the errors of law complained of being without substantial merit, the cause is affirmed.

EDWARDS, P. J., and DAVENPORT, J., concur.