James Frederick MOORE, Plaintiff in Error,

v.

The STATE of Oklahoma, Defend-
ant in Error.

No. A–13906.

Court of Criminal Appeals of Oklahoma.

July 19, 1967.

Jay Dalton, Public Defender, Tulsa, for plaintiff in error.

G. T. Blankenship, Atty. Gen., Jeff Hartmann, Asst. Atty. Gen., for defendant in error.

BUSSEY, Judge.

James Frederick Moore, hereinafter referred to as defendant, was charged by Information in the District Court of Tulsa County, Oklahoma, with the crime of Second Degree Burglary, After Former Conviction of a Felony, tried by a jury, and his punishment fixed at an indeterminate sentence of 15 to 45 years imprisonment in the State Penitentiary at McAlester. From that judgment and sentence defendant now appeals to this Court.

█ It is first contended that the trial court erred in admitting, over the objection of defense counsel, the defendant's oral confession made to the Chief of Police, Jack Purdie. Defendant relies upon Miranda v. State of Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694.

The uncontroverted testimony on the defendant's Motion to Suppress, outside the presence of the jury, was that defendant was taken into custody on March 11, 1965, advised of his right to counsel and given a telephone directory, but that he did not call counsel at that time. No incriminating statement was made by the defendant to the arresting officers until March 16, 1965, at which time, prior to making any inculpatory statements, he advised Chief of Police Jack Purdie that his attorney had advised him "to come down to the police department and discuss this matter." The testimony of Chief Purdie was further that no promises were made, or threats used to coerce the confession of defendant. There was not one scintilla of evidence offered to contradict the testimony of Chief Purdie, and the Court overruled the defendant's Motion to Suppress and allowed Chief Purdie to testify in the presence of the jury to

defendant's admission of participating in the burglary for which he was on trial.

█ Although counsel for defendant relies heavily on Miranda v. State of Arizona, supra, the Miranda decision has no application in the instant case since it was not delivered by the Supreme Court of the United States until June 13, 1966, and did not apply retroactively, nor does the instant case fall in the purview of Escobedo v. State of Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977, for in the instant case it clearly appears that the defendant, acting under the advice of counsel, freely and voluntarily made the oral confession to Chief Purdie without promise of benefit, coercion, or duress. We are of the opinion that defendant's first assignment of error is without merit.

It is next contended by the defendant "that the Court erred in refusing to grant the defendant's Motion for Mistrial after it became informed that ten members of the defendant's jury had been toured through the Tulsa County jail, during a noon recess in the course of defendant's trial, and had viewed defendant incarcerated therein, behind bars and in the presence of other prisoners, all to the defendant's prejudice."

Defendant relies upon French v. State, Okl.Cr., 377 P.2d 501, wherein this Court construed Title 22 Okl.St.Ann. § 15, which provides:

"No person can be compelled in a criminal action to be a witness against himself; nor can a person charged with a public offense be subjected before conviction to any more restraint than is necessary for his detention to answer the charge, and in no event shall he be tried before a jury while in chains or shackles."

In the body of the opinion and referring to 22 Okl.St.Ann. § 15, supra, Judge Nix stated that the adoption of the statute "was predicated upon the theory that a man brought before the court in chains and shackles was prejudiced in the minds of the jury. They would ultimately draw the conclusion that defendant was a dangerous

criminal who had to be chained and shackled to prevent his escape or prohibit him from doing harm to others or any act of violence."

Counsel for defendant concedes that conducting a jury through the county jail where they observe the defendant being tried by them, may not fall within the purview of the statute above set forth, but argues that viewing the defendant on trial before them, behind bars and with other prisoners during a recess of the court could only serve to prejudice the jury against the defendant.

■ While it is difficult for this Court to determine the impact of such an occurrence upon the members of the jury, we fail to see where this procedure could benefit the proper administration of justice. Moreover, we must conclude that the impact upon the jury would be more prejudicial than beneficial. The practice of encouraged, for it leads to a more complete county jails and penal institutions should be encouraged, for it leads to a more complete understanding of our system of penology and can do much to bring about improvements and corrections needed in our penal institutions. The Tulsa County authorities have every right to feel proud of the Tulsa County jail, for it represents one of the most advanced, efficiently operated, and progressive jails in the State of Oklahoma; however no jury considering the fate of a person on trial before them should ever be paraded through the jail where they have opportunity to see the defendant incarcerated as a prisoner.

■ Under the record before us, this error is not so prejudicial as to require reversal, for the proof of the defendant's guilt is overwhelming, but we must conclude that the prejudicial effect of such an occurrence probably resulted in the jury imposing a greater sentence than that which they would ordinarily impose. In the interest of justice, we are of the opinion that the judgment and sentence rendered against the defendant fixing his punishment at an indeterminate sentence of from 15 to 45 years, should be, and the same hereby is, modified to an indeterminate term of from eight (8) to twenty-four (24) years imprisonment in the State Penitentiary, and as so modified the judgment and sentence appealed from is affirmed.

Counsel for defendant, Mr. Jay Dalton, Public Defender from Tulsa, Oklahoma, is commended for the excellence of his brief.

The judgment and sentence appealed from is modified, and as so modified, is affirmed.

BRETT, J., and NIX, P. J., concur.