Leslie Morris BAKER, Plaintiff in Error,

v.

The STATE of Oklahoma, Defend-
ant in Error.

No. A–13935.

Court of Criminal Appeals of Oklahoma.

Nov. 1, 1967.

Rehearing Denied Nov. 21, 1967.

J. Carpenter Hughes, Hobart, for plaintiff in error.

G. T. Blankenship, Atty. Gen., Hugh H. Collum, Asst. Atty. Gen., for defendant in error.

BRETT, Judge:

This is an appeal from the district court of Jackson County, in which Leslie Morris Baker was charged with premeditated murder and stood trial before a jury. The jury returned a verdict of guilty of the lesser included offense of first degree manslaughter, and assessed punishment at thirty years confinement in the state penitentiary.

Plaintiff in error herein will be referred to as defendant, as he appeared in the trial court.

The information was filed in the district court August 10, 1965, wherein it was alleged that defendant did with a premeditated design to effect the death of one Dave Carter by shooting him with a .25 caliber automatic pistol, on or about the 17th day of July, 1965. Defendant filed his motion for a new trial, which was overruled, and judgment and sentence was passed on August 23, 1965, after which the appeal was perfected to this Court.

In his motion for new trial defendant lists six errors, whereas in his brief he sets out nine errors, which he discusses under two propositions. His first proposition appears to contend that because of the filing and withdrawing of a motion for sanity observation, and the testimony of one doctor and that of one of defendant's employees, sufficient doubt was raised concerning defendant's sanity to require the trial judge to grant defendant a jury trial on that issue. He bases his proposition on the provisions of Title 22 O.S.A. (1961) § 1162, which provides:

"When an indictment or information is called for trial, or upon conviction the defendant is brought up for judgment, if a doubt arise as to the sanity of the defendant, the court must order a jury to be impaneled from the jurors summoned and returned for the term, or who may be summoned by direction of the court, to inquire into the fact."

In support of his position, defendant cites Marshall v. Territory 2 Okl.Cr. 136, 101 P. 139; Johnson v. State, 73 Okl.Cr. 370, 121 P.2d 625; Bingham v. State, 82 Okl.Cr. 5, 165 P.2d 646; and Berwick v. State, 94 Okl.Cr. 5, 229 P.2d 604.

In the instant case, defendant's counsel filed a motion on August 17, 1965 in which he raised the question of defendant's sanity, at the time of the commission of the alleged crime, but he withdrew that motion the following day. Defendant now contends in his brief that notwithstanding the fact the motion was withdrawn, it was sufficient to have provided notice to the trial judge, and to raise a doubt as to defendant's sanity sufficient to warrant a jury trial on that question, as provided in the foregoing section of the statutes.

However, the record reveals that not only did the defendant withdraw his motion for sanity observation, he did not offer an af-

firmative defense of insanity at the commencement of the trial, or at any time during the trial. Further, there was no showing made that the defendant's present state of sanity was such that he could not assist in his own defense.

■ This Court recited in Mitts v. State, Okl.Cr.App., 345 P.2d 913, 918:

"The question of insanity at the time of the killing being an affirmative defense, it must have been interposed during the trial."

■ In the case at bar, the affirmative defense of insanity, at the time of the killing, was not interposed at any time during the trial. It is too late to attempt to present it now on appeal. It is true that the defendant's witness, Dr. Pinkerton, stated that in his opinion the defendant was "bordering on paranoia schizophrenia psycosis", but he did not clearly state that the defendant was insane.

The State introduced the rebuttal testimony of Dr. Mollison, who testified that the defendant was once his patient; that he suffered from symptons of anxiety, but he was never psychotic. This witness also examined the defendant a few days before the trial commenced, and testified that in his opinion the defendant was then sane.

The State also introduced the testimony of Dr. Holt, as a rebuttal witness, who examined the witness a week earlier. This witness testified that at the time he examined the defendant it was his opinion that the defendant was sane.

In French v. State, Okl.Cr.App., 397 P.2d 909, 911, this Court said:

"Had the trial court only the statement of counsel, under oath, of his opinion of the defendant's sanity, after several conferences with him and nothing else, that is no further proof of sanity or insanity, this Court would agree that the trial court would have been remiss in not granting the defendant a trial to determine present sanity. However, in the instant case the trial court had many other sources of information available

to him. He certainly acted properly in considering these sources. · * * *" Citing Johnson v. State, 73 Okl.Cr. 370, 121 P.2d 625.

■ In the case at bar, as in the French case, the trial judge had several sources of information available to him to consider, concerning defendant's sanity. From the record, it appears that the trial judge was correct when he decided that the doubt of defendant's sanity was not sufficient to warrant a jury trial on that issue alone. We observe, also, that the question of sanity was presented to the jury in the court's instructions numbered 14, 15 and 16; and considering the instructions as a whole, we are of the opinion the defendant's requested instruction was substantially given.

The defendant cites Berwick v. State, in an effort to show that counsel cannot waive the question of defendant's sanity at his trial. But, as the Attorney General points out, Berwick can readily be distinguished from the case at bar. In Berwick, the question of sanity was before the court, because of the pleading filed by defendant's mother. In the instant case, the defendant's motion for sanity observation was withdrawn, and no further specific reference was made to his sanity, except by testimony of certain witnesses on defendant's behalf.

■ This Court recited in Laslovich v. State, Okl.Cr.App., 377 P.2d 977, 980, while making reference to the beforementioned section of Title 22, as follows:

"It is also apparent, under the statute quoted, that the defendant's rights may be protected either at the commencement of the trial or before the entry of judgment and sentence. In either case, *the defendant's right to a jury trial is predicated upon the trial judge's doubt as to the issue of present sanity.*" (Emphasis added)

■ And the Court recited further, quoting from Bingham v. State, supra:

"The inquiry to be submitted to a jury in a proceeding under statute for a determination as to defendant's sanity,

is *whether the defendant is mentally competent to make a rational defense, and not whether defendant is able to distinguish between right and wrong."* (Emphasis added).

■ We observe the record shows the testimony of the doctors did not state that the defendant was incapable of assisting in his own defense at the trial; and since no affirmative defense of insanity was offered, there appears to be nothing offered to sufficiently raise a doubt in the mind of the trial judge, to warrant the jury trial now called for by defendant. The facts of this case are entirely different to those of the Berwick case.

Likewise, each of the cases cited by the defendant have been considered and each can be distinguished from the defendant's case. And further, those cases cited by defendant are somewhat earlier than the Laslovich case and the French case, supra, and the rules of the earlier cases have been somewhat modified and therefore not applicable to the case under consideration.

We are of the opinion that had defendant's condition of sanity been offered in good faith, he would have—or could have at least—brought the question before the court at any time prior to the passing of judgment and sentence. But he did not do this, and now attempts to reflect back to the doctor's testimony and magnify it. Such reflection is not sufficient in this case.

■ Defendant's second proposition contends that the trial judge abused his discretion when he overruled defendant's motion for continuance. Such proposition is not supported by any authority. However, this Court has long held that the granting of a continuance of a trial is clearly within the discretion of the trial judge; and unless that discretion is abused this Court will not interfere with the trial court's order. In this case, the trial judge did not abuse his discretion.

We are, therefore, of the opinion that the defendant herein received a fair and impartial trial, in accordance with due process of law, and we find no substantial error to justify the reversal of this case. Therefore, the judgment and sentence of the trial court should be, and the same is, affirmed.

NIX, P. J., and BUSSEY, J., concur.