**James Frederick MOORE, Plaintiff in Error,**

**v.**

**The STATE of Oklahoma, Defendant in Error.**

**No. A–13957.**

Court of Criminal Appeals of Oklahoma.

Jan. 3, 1968.

Rehearing Denied Jan. 16, 1968.

Jay D. Dalton, Public Defender, Tulsa, for plaintiff in error.

Charles Nesbitt, Atty. Gen., Jeff Hartman, Asst. Atty. Gen., for defendant in error.

BRETT, Judge:

Defendant was charged in the district court of Tulsa County with knowingly receiving stolen property (after former conviction of felony), to-wit: narcotic drugs that had been stolen from the Glass-Nelson Clinic, Inc., in Tulsa. He was tried before a jury, found guilty, and after presentation of the second portion of the information, a verdict of guilty was returned and his punishment fixed at three to nine years in the state penitentiary. Appeal has been perfected to this Court.

For reversal, counsel argues two assignments of error. The first is that the court erred in refusing to grant the defendant a sanity hearing before a jury.

After the jury had been selected and sworn, counsel for defendant requested a jury hearing on defendant's present sanity. The court denied this request, after counsel stated that he could offer only lay testimony in support of his expressed belief that his client was mentally ill, the court holding that the motion was untimely, inasmuch as the motion had been made during the second week of the docket at which the case was set for trial.

Counsel admitted that the defendant had made the same request to the presiding judge of the criminal docket in Tulsa County, in another case against defendant, at the same term of court, and the request had been denied.

■ In Bingham v. State, 82 Okl.Cr. 5, 165 P.2d 646, in the body of the opinion, this Court said:

"Before a trial court empanels a separate jury to try the issue of defendant's present sanity, under the Statute, a doubt must arise in the mind of the court. * * * [B]ut the existence of a doubt as to defendant's sanity must arise from facts and circumstances of a substantial character. In other words, there must exist reasons to believe that the claim of insanity made on behalf of the accused is genuine and not simulated as a means of defeating or delaying the law's penalties in cases where all other means of evading punishment would seem hopeless."

And in Laslovich v. State, Okl.Cr., 377 P.2d 977:

"Court may look to source of information and motive in determining whether there is doubt which will justify sanity hearing for defendant."

And see Hinex v. State, Okl.Cr., 417 P.2d 339.

■ It is our opinion that the court was justified in concluding that there was not sufficient basis for the establishment of a doubt in the mind of the court as to the defendant's present sanity, especially in view of the fact that the same question had been presented, at approximately the same time,

to another judge of the district court of Tulsa County, and was denied. Although the defendant did not testify in this case, he was present during all of the proceedings and the trial court had an opportunity to observe his demeanor during the trial. We cannot sustain the contention of counsel that the failure of the court to empanel a jury to try the issue of defendant's present sanity was an abuse of judicial discretion.

Defendant's second proposition is: "that the court erred in admitting into evidence, above defense objections, a certain extra-judicial statement, or confession, made by defendant after long hours of incarceration and questioning by the Tulsa police department and while without benefit of counsel, all to defendant's prejudice."

This case was tried October 14 and 15, 1965, and while there is nothing in the record to show that defendant was represented by counsel prior to his trial, there is in the record copy of an "Order Allowing Withdrawal of Attorney of Record", dated August 20, 1965, and recorded in book 468, at page 622, and a certificate of service thereof on the county attorney of Tulsa County.

Counsel for defendant contends that his constitutional rights were violated in that he did not have the aid of counsel and was not advised of his right to an attorney during investigation of the charges against him by the Tulsa Police Department, which interrogation counsel states resulted in a confession later introduced at the time of trial, over defense objections.

■ It has long been the holding of this Court that the Court will take judicial cognizance of its own records. Carter v. State, Okl.Cr., 292 P.2d 435; Dunn v. State, Okl.Cr., 279 P.2d 389. The records of this Court show that this defendant was convicted of the crime of burglary, second degree, after former conviction of felony,

in case No. 21367 in the district court of Tulsa County, on September 17, 1965, and sentence fixed at an indeterminate sentence of 15 to 45 years. That case and the case at bar (No. 21357 in the district court of Tulsa County) were filed against this defendant on the same date, and grew out of the same search of defendant's home. Case No. 21367 was duly appealed to this Court, and the case was modified and affirmed. Moore v. State, Okl.Cr., 430 P.2d 340. Both records show that Lt. Bill Harp, a detective of the Tulsa Police Department, talked with this defendant on the evening of March 15, 1965, about one week after his arrest, and that he advised Lt. Harp that he wanted to talk with his attorney, and would talk with him that night, and see the Lieutenant the next morning about making a statement to the police department. The next morning the defendant went with Lt. Harp from the county jail to the police Department, and there made the statement about which complaint is made. The records before us affirmatively reflect that defendant, when he went to the police station on the morning of March 16, 1965, told the Chief of Police that his attorney had told him to "go down to the police department and discuss this matter". No incriminating statements were made by the defendant to the arresting officers, or the police department until March 16, at which time the officers were justified in assuming that defendant had consulted with his attorney on the night of March 15th. No evidence was offered to contradict the statements of the police officers.

■ We find no merit in defendant's second contention, and are of the opinion that all of defendant's rights were fully protected, and that he had a fair trial.

The judgment and sentence of the district court of Tulsa County is affirmed.

NIX, P. J., and BUSSEY, J., concur.