**Ivan CARLTON, Plaintiff in Error,**

**v.**

**The STATE of Oklahoma, Defend-
ant in Error.**

**No. A–14190.**

Court of Criminal Appeals of Oklahoma.

Feb. 21, 1968.

Rehearing Denied March 18, 1968.

Lampkin & Wolfe, Oklahoma City, for plaintiff in error.

G. T. Blankenship, Atty. Gen., Hugh H. Collum, Asst. Atty. Gen., for defendant in error.

BUSSEY, Judge:

Ivan Carlton, hereinafter referred to as defendant, was sentenced in the Common Pleas Court of Oklahoma County for the offense of Engaging in the Act of Lewdness and appeals.

■ The single assignment of error argued by the defendant in his brief on appeal is that the trial court erred in over-ruling his Motion to Quash the Jury Panel. This matter was not specifically assigned as error in the Motion for New Trial, but is argued on appeal and without more, we could summarily dispose of this alleged error for this reason alone. We have repeatedly held that assignments of error not presented in the defendant's Motion for New Trial cannot be raised for the first time on appeal unless they are so funda-mental as to divest the trial court of juris-diction. However, in the interest of justice and in order to clarify the proper method of preserving the record, we will deal briefly with this assignment of error.

The defendant's Motion to Quash the Jury Panel appears in the record at page 18 of the Case-made in the following lan-guage:

"Defendant moves the Court to quash the jury panel herein and to continue the within cause for trial at another jury term, and in support thereof would show the Court:

1. That on the 13th day of September, 1966, there was tried in the District Court of Oklahoma County a certain case en-titled State of Oklahoma vs. Gaylin Coll-yar, wherein said defendant was acquitted by a jury.

Thereafter, news reports critical of said verdict and acquittal were published and widely circulated in Oklahoma County, which news stories attributed to the County Attorney and an assistant County Attorney criticisms of said verdict of

acquittal and the jury rendering same. Copies of said news stories are attached hereto as Exhibit 'A.'

Said criticism and news stories have adversely affected and intimidated the members of the present jury panel so that defendant cannot receive a fair trial before a jury composed of members of the present panel.

WHEREFORE, defendant prays that the jury panel be quashed and that the within cause be continued for hearing at another and subsequent jury term."

Title 22 O.S.A. § 633 provides:

"A challenge to the panel can be founded only on a material departure from the forms prescribed by law, in respect to the drawing and return of the jury, or on the intentional omission of the sheriff to summon one or more of the jurors drawn, from which the defendant has suffered material prejudice."

 In construing this statute this Court has held:

"A challenge to a jury panel can be founded only on a material departure from legal requirements respecting drawing and return or intentional omission to summon." Cox v. State, 48 Okl.Cr. 269, 291 P. 160. See also Roper v. State, 48 Okl.Cr. 301, 291 P. 157; Burns v. State, 43 Okl.Cr. 488, 279 P. 932; and Williams v. State, 93 Okl.Cr. 260, 226 P.2d 989.

Clearly the grounds which defendant urged in his Motion to Quash the Jury Panel did not fall within the statute.

 This leads us to a consideration of whether the court erred in failing to grant the defendant a motion for continuance contained in the Motion to Quash the Jury Panel. In United States v. Hoffa, D.C., 156 F.Supp. 495, the following language appears:

"Mere fact that there has been widespread adverse pre-trial publicity about defendant does not, by itself, establish reasonable probability that defndant cannot ob-

tain a fair and impartial jury at criminal trial and is therefore entitled to postponement of trial for indefinite or substantial period of time.

Mere fact that prospective jurors have read newspaper or other publicity items critical of defendant does not, by itself, establish bias, pre-judgment, or other disqualification on part of prospective jurors, and does not entitle defendant to postponement of trial for indefinite or substantial period of time.

Where there has been widespread adverse pretrial publicity about defendant, proper procedure in vast majority of cases is not to postpone trial indefinitely or for substantial period of time, but to proceed to trial and to determine on voir dire of panel and individual talesmen whether fair and impartial jury can be selected."

While the record in the instant case does not reflect the entire voir dire examination of the jury, the court summarized his ruling on this matter in the following language:

"THE COURT: Let the record show that Counsel interrogated about the facts of the alleged statement and all the jury stated that this did not affect them. Motion is overruled and exception allowed."

 There is nothing in the record before us which supports the defendant's allegation that the jurors were biased and prejudiced against him as a result of pretrial publicity, but to the contrary, it appears that the evidence amply supports the verdict of the jury, the trial court carefully and meticulously instructed them on the applicable law and the punishment imposed in the judgment and sentence was well within the range provided by law.

We are of the opinion that the judgment and sentence appealed from should be, and the same is hereby, Affirmed.

BRETT, J., concurs.