**William Newton ROSE, Plaintiff in Error,**

v.

**STATE of Oklahoma, Defendant in Error.**

**No. A–14211.**

Court of Criminal Appeals of Oklahoma.

Feb. 5, 1969.

Delbert Brock, McAlester, for plaintiff in error.

G. T. Blankenship, Atty. Gen., Hugh H. Collum, Asst. Atty. Gen., for defendant in error.

## MEMORANDUM OPINION

BRETT, Presiding Judge.

Plaintiff in error, William Newton Rose, hereafter referred to as defendant, is appealing from a conviction in the district court of Pittsburg County for the crime of armed robbery for which he was sentenced to serve five years in the state penitentiary. Judgment and sentence was passed on defendant in district court case number 6058, on August 29, 1966, after which the appeal was lodged in this Court.

Defendant was granted a severance from his co-defendant, Harold D. Colvard, and was tried by a jury which found him guilty and set his punishment. Defendant attempts in this appeal to also appeal from the decision of the district court which denied his co-defendant a writ of habeas corpus, and wherein the court found that this defendant was not a party to the petition for writ of habeas corpus. On August 8, 1966, when the writ of habeas corpus was denied, the District Judge filed a Memorandum Opinion in the case which also admonished the prosecuting attorney to grant the petitioner in that action a speedy trial. Thereafter this defendant was also tried on August 22, 1966.

■ The Court has carefully considered the matters contained in the records and briefs, and finds that those propositions presented by defendant which arise out of the habeas corpus action are not properly before the Court. Also, there is nothing in the record which supports defendant's contention that he was entitled to a change of venue, we therefore hold that the trial judge did not abuse his discretion in denying the motion for change of venue. (See: Carlton v. State, Okl.Cr., 438 P.2d 14.)

■■ Likewise, the record does not support defendant's contention that he should have had a separate mental hearing. (See: Moore v. State, Okl.Cr., 436 P.2d 236.) His complaint concerning prejudice resulting from being brought into the "lobby of the courthouse" in handcuffs is not supported by a proper showing that defendant was prejudiced thereby, nor is there anything in the record to show that defendant was observed by any member of the jury at that time. The record reflects only counsel's own opinion, but no support therefor.

■ The same conclusions are reached concerning defendant's complaint that he was tried in prison clothes. There is no showing in the record whatsoever how such may have caused him prejudice, in that the record is silent as to what type clothing he might have been wearing. It is not sufficient for counsel to merely claim prejudice, he must cause the record to reflect such prejudice.

■ The remaining four assignments of error in defendant's brief are not supported by any authorities, and merely reflect counsel's personal contention of error without anything more, and therefore will not be considered.

After having considered all the briefs and the records filed herein, the Court is of the opinion that the judgment and sentence of the trial court should be, and the same is therefore, affirmed. Affirmed.

BUSSEY and NIX, JJ., concur.