**Thurman Edwin MOORE, Plaintiff in Error,**

**v.**

**The STATE of Oklahoma, Defendant in Error.**

**No. A–14473.**

Court of Criminal Appeals of Oklahoma.

Oct. 1, 1969.

Red Ivy, Chickasha, for plaintiff in error.

G. T. Blankenship, Atty. Gen., Hugh H. Collum, Asst. Atty. Gen., for defendant in error.

MEMORANDUM OPINION

BRETT, Presiding Judge.

Plaintiff in error, Thurman Edwin Moore, hereafter referred to as defendant was tried by a jury in the County Court of

Caddo County, Oklahoma, for the offense of Driving a Motor Vehicle While Under the Influence of Intoxicants; he was found guilty and his punishment was assessed at $150.00 fine and costs, and confinement in the county jail for thirty days. Motion for new trial was filed and overruled, after which this appeal was lodged.

■ Defendant first complains that the trial court should have sustained his motion to quash the jury panel. During the course of trial, defendant offered—in addition to the written motion—his oral motion to quash the jury panel. Because defendant is a Negro, it is contended that he was discriminated against insofar as there was only one Negro on the jury Panel. To support this contention defendant cites Whitus v. Georgia, 385 U.S. 545, 87 S.Ct. 643, 17 L.Ed.2d 599. As we view the *Whitus* case, it is not applicable because there is no showing that there was a systematic exclusion of Negroes from the jury panel which tried this defendant. The burden is upon the defendant to prove the existence of purposeful discrimination, which was not done in this case. See also: Rooks v. State, Okl.Cr., 417 P.2d 939, and Peters v. State, 22 Okl.Cr. 245, 211 P. 427.

■ We do not accept defendant's contention that the manner of selecting the jury panel from State tax rolls is unconstitutional. See: Acuff v. State, Okl.Cr., 283 P.2d 856. Nor is defendant's complaint that error was committed when the trial court failed to sustain his oral motion to quash the jury panel. 22 O.S.A. § 634, provides that a challenge to the panel must be in writing. See: Rooks v. State, supra. Likewise, defendant's complaint, that the jurors had sat in the trial of other cases against defendants on similar liquor violations, is without merit. See: Roper v. State, 48 Okl.Cr. 301, 291 P. 157.

Defendant's second proposition sets forth that the trial court erred in failing to suppress and strike the testimony of the arresting officer, because the officer failed to warn defendant of his right to counsel and his right to remain silent. This proposition is based upon the Highway Patrol Officer's testimony which revealed that he engaged at a high-speed chase of defendant's car, reaching the speed of ninety-five miles per hour, before he was able to stop the vehicle. He stated that during the chase the defendant ran off the road, and across the center-line of the road forcing other oncoming cars off the road. He testified that he chased defendant's car for a distance of eight miles, before he was able to stop the vehicle. After the vehicle was stopped, he required the defendant to get out of the vehicle. After describing defendant's condition, which aided in causing him to determine that defendant was under the influence of intoxicants, the officer said: "He admitted that he had been drinking beer all afternoon." The record reflects that no objection was interposed by defense counsel during all this testimony; but at the conclusion of his cross-examination of the witness, counsel moved to have the testimony of the witness stricken, which motion was denied by the trial court. The record also reveals that defendant offered no defense, nor did he testify in his own behalf to refute any of the State's testimony.

■ To support his proposition, defendant cites: Escobedo v. Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977; and Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694. However, defendant has not shown sufficient testimony to shift the burden, to require the State to prove that defendant's statements were not voluntary, as the officer testified. Likewise, there is nothing in either of the United States Supreme Court cases which preclude voluntary statements. Therefore, we do not accept this complaint as being sufficient to reverse the trial court's verdict. See also: Lung v. State, Okl.Cr., 420 P.2d 158, and Fritts v. State, Okl.Cr., 443 P.2d 122.

■ Likewise, we also find that defendant's third proposition is without merit. The remarks of the Assistant Prosecutor fall short of being closing argument. Nonetheless, had such remark constituted a

closing argument it was within the discretion of the trial court whether or not final closing argument may be made by the State, when defendant waives his closing argument. In this case, defense counsel waived his closing argument. See: Brewer v. State, 44 Okl.Cr. 361, 280 P. 473.

We are therefore of the opinion, after having carefully considered the record filed in this Court and the brief of counsel, that the judgment and sentence in the Caddo County Court, Case No. 13,387, should be, and the same is, affirmed.

BUSSEY and NIX, JJ., concur.