Louis Harry BREWSTER, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–76–878.

Court of Criminal Appeals of Oklahoma.

April 26, 1977.

John T. Elliott, Oklahoma County Public Defender, John M. Stuart, Asst. Public Defender, for appellant.

Larry Derryberry, Atty. Gen., Robert L. McDonald, Asst. Atty. Gen., Donnie G. Pope, Legal Intern, for appellee.

OPINION

BRETT, Judge:

Appellant, Louis Harry Brewster, hereinafter referred to as defendant, was convicted in the District Court, Oklahoma County, for the offense of Robbery with Firearms in violation of 21 O.S.Supp.1973, § 801. He was sentenced to thirty (30) years imprisonment, and has perfected this timely appeal.

Briefly stated, the testimony at trial reveals that on December 1, 1975, at about 1:00 P.M., the 17-year-old defendant and another man entered the Phillips A. G. Food Store in Oklahoma City. A green ski mask hid the defendant's face and a chrome plated Smith and Wesson .38 pistol filled his hand. He demanded money from the employees in the front of the store and after stuffing the money in a sack which he placed in his pocket, he ordered the employees to the back storage room. Encountering Edwin Phillips, founder of the store, the defendant again demanded money. With a cry of "Like hell we will," Phillips lunged toward the defendant who backed up, discharging his pistol. A bullet hit Phillips in the neck as he wrestled the defendant to the floor. The defendant was disarmed, unmasked and held for police by Phillips' two sons and others present in the store. At trial, the defendant admitted wearing a rolled-up ski mask, admitted the gun belonged to him (having just purchased it at a pool hall for $25.00 for self-protection), and

admitted firing it. However, he said he was innocently present in the store when he noticed a commotion in the back room, and as he took a closer look someone pushed him from behind. As he fell he testified he pulled the pistol from his pocket and it discharged. Neal Hill, who had earlier pled guilty to the crime, testified the other man with him was a James Davis, not the defendant. The defendant has been certified to stand trial as an adult.

 In defendant's first assignment of error he argues the trial court should have declared a mistrial when informed that during a recess the jury viewed the defendant handcuffed in the hall outside the courtroom. Following impaneling of the jury and opening statements of counsel, the defense attorney, meeting in chambers with the court and the prosecutor, moved for a mistrial, declaring:

> "MR. ELLIOTT: Comes now the Defendant, Louis Harry Brewster, and moves the Court for a mistrial for the reason that prior to the lunch recess this date, the Deputy Sheriff escorted the Defendant in handcuffs before the Jury assembled in the hallway outside the courtroom.
>
> I was standing in the midst of the Jurors, and the Deputy Sheriff escorted the Defendant within two or three feet of me and the Jurors on his way to escort him back to jail."

In *Rose v. State,* Okl.Cr., 450 P.2d 527 (1969), we decided this question on very similar facts. In *Rose* we said:

> " . . . [Defendant's] complaint concerning prejudice resulting from being brought into the 'lobby of the courthouse' in handcuffs is not supported by a proper showing that defendant was prejudiced thereby, nor is there anything in the record to show that defendant was observed by any member of the jury at that time. The record reflects only counsel's own opinion, but no support thereof."

In the case at bar there is no evidence that jurors witnessed defendant in handcuffs and no evidence of prejudice to the defendant, especially in light of the overwhelming evidence against him. We therefore find this assignment of error to be without merit.

 In his second assignment of error defendant contends the punishment is excessive, and, in view of the above assignment of error and the defendant's youth, he asks the sentence be modified. We only need note that the thirty (30) year sentence is well within the statute which calls for imprisonment for life at hard labor or for a period of not less than five (5) years, at the discretion of the judge or jury. A sentence of thirty (30) years, given the circumstances of this case, does not shock the conscious of this Court. *Stanley v. State,* Okl.Cr., 512 P.2d 829 (1973). We further find no circumstances which mandate modification of the sentence and we therefore dismiss this assignment of error.

The judgment and sentence is hereby AFFIRMED.

BUSSEY, P. J., and BLISS, J., concur.