## E. K. COWAN v. STATE.

No. A-6018.  Opinion Filed Jan. 7, 1928.
(262 Pac. 710.)

Charles Skalnik, Jno. L. Ward, and L. O. Todd, for plaintiff in error.

Edwin Dabney, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

EDWARDS, J. The plaintiff in error, hereinafter called defendant, was convicted in the district court of Tulsa county on a charge of larceny of a hog and was sentenced to serve a term of five years in the state penitentiary.

The charging part of the information alleges:

"* * * That E. K. Cowan on the 12th day of November, A. D. 1924, in Tulsa county, state of Oklahoma, and within the jurisdiction of this court, did unlawfully, willfully, wrongfully, stealthily and feloniously, take, steal and carry away, without the consent of the owner thereof, certain personal property, to wit, one Poland China hog, weighing about three hundred pounds, with

crop and underbit in right ear, and split and underbit in left ear, and of the value of twenty-four ($24.00) dollars, in good and lawful money of the United States of America, the personal property of G. C. Grant, with the unlawful and felonious intent then and there upon the part of said defendant, to convert the same to his own use and benefit, and to deprive the owner thereof permanently. * * *"

The evidence is circumstantial, disclosing a state of facts about as follows: G. C. Grant was the owner of three large Poland China hogs, kept in a pen about 100 yards from his residence. On the night alleged, these hogs were in the pen, but on the following morning two of them were near the pen; the third was entirely missing. That afternoon in the sheriff's office Grant was shown the head of a Poland China hog answering the description as to color, size, and earmarks of the hog missing from his premises. A short time before D. L. Nye sold three Poland China hogs to Grant. He was shown the head of the hog in the sheriff's office, and testified it was the head of one of the hogs sold by him to Grant. Previous to the night of the larceny, complaint had been made to certain officers that a felony had been committed by defendant, the stealing of cotton. They went to his premises about 9 o'clock on that night. No one was there. They waited near until about 4 o'clock in the morning, at which time defendant and his wife in a Dodge touring car passed them on the highway. They saw something in the back of his car and followed him to his premises. When defendant reached there, he took something out of the car and threw it under the floor of the house. One of the officers looked under the house and discovered the hog's head, later shown to the witness Grant and Nye at the sheriff's office. The officers then looked in the back of the car and found half the carcass of a freshly butchered hog. Defendant did not take the stand and offered no evidence.

It is first argued that the information is insufficient;

that it fails to clearly disclose whether the prosecution is based on the general larceny statute, or on the special statute (section 2116, Comp. St. 1921) making it a felony to steal any hog. In addition to the allegations of stealing, the information alleges a value of the hog stolen of $24. The allegations generally and the proof and instructions are all upon the theory that the prosecution is under the special statute, section 2116, supra. The allegation of value is mere surplusage and not prejudicial. The information sufficiently charges the requisites of the offense of larceny of live stock. Crowell v. State, 6 Okla. Cr. 148, 117 P. 883; Caido v. State, 7 Okla. Cr. 139, 122 P. 734; Bryan v. State, 11 Okla. Cr. 180, 144 P. 393.

Incidentally, it is made to appear, although the evidence was not presented to the jury, that the officers who went to the premises of defendant on the night in question had a search warrant which defendant insists is invalid. Before entering upon the trial, defendant moved to suppress any evidence obtained by the search warrant. The county attorney thereupon stated to the court in substance that the state did not rely upon the authority of any search warrant, but relied upon the right to search incident to a legal arrest without a warrant. All evidence in reference to a search warrant was then excluded.

Section 2471, Comp. St. 1921, authorizes an arrest without a warrant in certain cases as follows:

"A peace officer may, without a warrant, arrest a person: First. For a public offense, committed or attempted in his presence. Second. When the person arrested has committed a felony, although not in his presence. Third. When a felony has in fact been committed, and he has a reasonable cause for believing the person arrested to have committed it. Fourth. On a charge, made upon reasonable cause, of the commission of a felony by the party arrested."

It is well settled that where one is legally arrested,

his person and the immediate surroundings may be searched for property connected with the offense which may be used as evidence against him, or for weapons or things which might facilitate his escape. Gains v. State, 28 Okla. Cr. 353, 230 P. 946; Crossman v. State, 28 Okla. Cr. 198, 230 P. 291; Welch v. State, 30 Okla. Cr. 330, 236 P. 68; Davis v. State, 30 Okla. Cr. 61, 234 P. 787.

It appears from the record that a charge had been made on reasonable cause of the commission of a felony by defendant, that the circumstances were such that they had reasonable cause to believe defendant had committed a felony, and his arrest without a warrant was legal, and the search of his person and the immediate surroundings not within the inhibition of the constitutional provision on immunity. In connection with this assignment of error, defendant insists the court committed error in his remark in the presence of the jury excluding defendant's qualifying questions relative to the possession of a search warrant by the arresting officer, and that the county attorney in his argument also made improper remarks. Defendant throughout the trial contended that the evidence was obtained by an illegal search. In his objections and questioning he sought to develop this view of the case. There is no substantial prejudice in the remark of the court or in the argument of counsel.

Complaint is also made that the instructions as a whole are abstract and not sufficiently definite to fairly submit the issues. The only definite objection pointed out is that the court in instruction No. 6 does not follow the information, which charges an intent to convert the property taken and to permanently deprive the owner thereof, while the instruction does not use the word "permanently." This is not important, since an allegation of intent to convert means substantially the same thing as an intent to permanently convert. There may be some technical inaccuracies in the instructions, but as a whole they

are fair to the defendant and correctly submit the issues. The further contention that the evidence is insufficient is also without merit. The reasonable inferences arising from the circumstances proven conclusively establish the guilt of defendant. We see no reason to disturb the judgment.

The case is affirmed.

DOYLE, P. J., and DAVENPORT, J., concur.