**Terry Alan HAZLEWOOD, Plaintiff in Error,**

**v.**

**OKLAHOMA CITY, Defendant in Error.**

**No. A–14079.**

Court of Criminal Appeals of Oklahoma.

July 26, 1967.

Ralph Samara, Oklahoma City, for plaintiff in error.

Roy H. Semtner, Municipal Counselor, Jerry R. Fent, Asst. Municipal Counselor, Oklahoma City, for defendant in error.

BUSSEY, Judge:

Terry Alan Hazlewood, hereinafter referred to as defendant, was charged in the Municipal Criminal Court of Oklahoma City for the crime of Operating a Motor Vehicle While Under the Influence of Intoxicating Liquor. He waived jury trial, was tried by the court, who found him guilty and fixed his punishment at a fine of $20.00. From this judgment and sentence he appeals.

There are several assignments of error urged on appeal, but it will only be necessary for us to consider the defendant's assignment of error that the trial court erred in admitting into evidence the testimony of Officer Kobus relating to statements made by one Ivan Harry Church in the presence of the defendant, which statements were admitted against the defendant over his objection and tended to establish the corpus delicti of the crime for which he stands convicted. The pertinent testimony relating to this issue appears in the casemade at pages 56 and 57, as follows:

"THE COURT: All right. Now, would you relate to me exactly the conversation had between yourself and Ivan Church in the presence of the Defendant when you first arrived at the scene of the accident as best you remember it and in the words that were used as best you remember them?

A. Well, Mr. Church stated to me that he was sitting in his house when he heard the noise of the collision. He came outside and saw the Defendant getting from his automobile. He then went to the— he went to the Defendant here and he told me that he questioned him as to whether or not he was the driver of the car and what had happened. He stated that he just ran into the back of his car.

Q. The defendant was present when this conversation was taking place?

A. Yes, he was. Both men were standing and talking together."

■ In considering this assignment, we observe that Ivan Church was never called as a witness to testify in the instant case, and that the statements purportedly made by him were not made under oath. In an unbroken line of cases the Court of Criminal Appeals has consistently held inadmissible the testimony of witnesses relating statements made by a third party in the presence of the defendant while the defendant is under arrest. See Saunders v. State, 33 Okl.Cr. 336, 244 P. 55; Langley v. State, 53 Okl.Cr. 401, 12 P.2d 254; McGrew v. State, Okl.Cr., 293 P.2d 381; Walker v. State, 80 Okl.Cr. 21, 156 P.2d 143; and Gossett v. State, Okl.Cr., 373 P.2d 285.

■ In the instant case, while it is not clear whether the defendant had been placed under arrest when the purported statements were made by Ivan Church, it is clear that the statements were made in the course of the officer's investigation which led to the arrest of the defendant. While the cases cited, supra, are premised upon the right of the defendant to remain silent when under arrest and incriminatory statements are made against him in his presence, we do not believe that a different rule should obtain when the statements are made during the investigatorial stage which results in the defendant's arrest. Moreover, although not clearly enunciated in the authorities above cited, there is yet a more fundamental rule which precludes the admission of such testimony when the defendant has not been accorded the right of cross-examination. The Sixth Amendment to the Constitution of the United States gives to a defendant the right to be confronted by witnesses against him, but prior to more recent decisions this provision has been construed as applying to Federal cases only. We deem it unnecessary to determine whether the Sixth Amendment as guaranteed is made obligatory upon the States by virtue of the Fourteenth Amendment since the same guarantee is provided in the Constitution of the State of Okla-

homa, Article II, § 20, which provides in part:

> "In all criminal prosecutions the accused shall have the right to a speedy and public trial by an impartial jury of the county in which the crime shall have been committed: * * *. He shall be informed of the nature and cause of the accusation against him and have a copy thereof, and be confronted with the witnesses against him, and have compulsory process for obtaining witnesses in his behalf. * * *"

And 22 O.S.1941, § 13, subdiv. 3 is as follows:

> "3. To produce witnesses on his behalf, and to be confronted with the witnesses against him in the presence of the court."

In the instant case it is readily apparent that the defendant did not enjoy the right to be confronted by the witness Ivan Church, nor was he accorded an opportunity to cross-examine him. We must, therefore, conclude that the admission of the testimony of Officer Kobis relating to statements of witness Ivan Church was highly improper and constitutes reversible error.

For the reasons above set forth this case is reversed and remanded for a new trial.

NIX, P. J., and BRETT, J., concur.