**Benny BROWN, Plaintiff in Error,**

**v.**

**The STATE of Oklahoma, Defend-
ant in Error.**

**No. A–14336.**

Court of Criminal Appeals of Oklahoma.

April 16, 1969.

Rehearing Denied May 9, 1969.

John Cooper, Wewoka, for plaintiff in error.

G. T. Blankenship, Atty. Gen., Dale F. Crowder, Asst. Atty. Gen., for defendant in error.

## MEMORANDUM OPINION

BRETT, Presiding Judge.

Plaintiff in error, Benny Brown, hereafter called defendant, was tried by a jury

in the district court of Seminole County, Oklahoma, for the crime of Carrying a Weapon, After Former Conviction of a Felony. The jury returned a verdict of guilty and assessed defendant's punishment at three years confinement in the state penitentiary, after which this appeal was lodged. Defendant was represented by his own counsel during all the proceedings.

 Defendant presses two propositions in his brief. His first proposition contends it was error for the trial court to deny his motion for continuance. He contends his principal witness—who had been available—was at the time of trial in the hospital. The record reflects however, that neither the defendant, nor his counsel, filed an affidavit from the doctor, or the hospital, to support the statement explaining the witness' absence. It has long been the accepted rule that a motion for continuance is directed to the sound judicial discretion of the trial judge, and the Court of Criminal Appeals will not disturb the trial court's ruling unless it is shown that such discretion was abused.

In Thacker v. State, Okl.Cr., 309 P.2d 306, this Court held:

"An application for continuance on account of the absence of an alleged material witness is addressed to the sound discretion of a trial court, and, unless an abuse of discretion is shown a judgment will not be reversed."

In Wimple v. State, Okl.Cr., 397 P.2d 696, this Court stated in its first syllabus:

"To justify a continuance the burden is on movant claiming illness of self, a witness or attorney, to make a proper showing, and whether the continuance should be granted depends on the cricumstances, the determination of which rest in the sound discretion of the trial court."

In the Wimple case the court said in the body of its opinion:

"No testimony or affidavit from physicians as to defendant's physical condition was presented—nothing except an affidavit of defendant was presented to the trial court."

 Defendant next contends it was error for the information to charge him with the offense of Carrying a Weapon, After Former Conviction of a Felony, in a one stage proceeding; and that the information should have been stated in a two-stage proceeding. In Anderson v. State, Okl.Cr., 381 P.2d 892, held with reference to a charge laid under the statutes concerned in this case:

"Title 21 O.S.A. §§ 1283 & 1284, under which the defendant was charged, is a section wherein the former conviction of a felony is a part of the substantive evidence that is required to be shown, in order to supply the element of the crime charged."

It was also related in Renfro v. State, Okl.Cr., 372 P.2d 45:

"Statute prohibiting a person convicted of a felony from owning or having in his possession a firearm capable of being concealed upon the person does not arbitrarily deny ex-convicts rights and privileges which others possess and does not violate equal protection clause of state and federal constitutions, and classification is not capricious or irrelevant to the legislative purpose."

Having considered the record before the Court, and the briefs filed herein, the Court is of the opinion the defendant received a fair trial according to due process of law, and that the judgment and sentence rendered district court case number 7008, of Seminole County, Oklahoma, should be affirmed. Judgment and sentence is affirmed.

BUSSEY and NIX, JJ., concur.