Mildred Faye ENGST, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error,

No. A–15147.

Court of Criminal Appeals of Oklahoma.

Feb. 25, 1970.

Rehearing Denied July 22, 1970.

Paul Pugh and Al Pugh, Ralph Samara, Oklahoma City, for plaintiff in error.

G. T. Blankenship, Atty. Gen., Gary F. Glasgow, Asst. Atty. Gen., for defendant in error.

BUSSEY, Judge.

Mildred Faye Engst, hereinafter referred to as defendant, was charged, tried and convicted in the District Court of Oklahoma County for the crime of Robbery with Firearms; she was sentenced to serve thirty

(30) years in the state penitentiary, and appeals.

The first witness for the State, Mary Lee Cole, testified that on October 7, 1968, she was employed at Tiny Timy's Food Store in Oklahoma County; that the accomplice and co-defendant, Nolan Lee Littleton, wearing a woman's overcoat, robbed her with a small barrel shotgun; that he left the premises and entered a 1961 or 1962 white Chevrolet opposite the driver thereof.

Gene Marshall, the State's second witness, stated that at about 11:00 p. m. on October 7, 1968, he was 150 feet from 44th and Stiles Streets, by a little supermarket, and saw a 1960 or 1961 Chevrolet with the motor running, parked in the parking lot thereof about 50 feet from the store, with a lady whom he could not identify as the driver thereof; that shortly thereafter he left the supermarket and at an intersection nearby he almost had a wreck with a car which was driven at a high rate of speed with the lights out; that he could not identify the driver at the alleged scene of the near wreck; that the car drove one-half block north of the intersection and turned left into an alley; that he turned around and followed the car into a driveway. He stated he saw the defendant get out of the car and asked her: "How come you are driving like this?" She denied any reckless driving and he saw no one else in the car.

Richard Lynn Hood, the State's third witness, stated that he was riding with Gene Marshall on October 7, 1968, and testified to essentially the same facts as did Mr. Marshall.

Ralph Courtney of the Oklahoma City Police Department testified that he had received a call to go to 412 SE 44th Street on an armed robbery at 10:58 p. m. on October 7, 1968. He further testified, over defendant's objection, that Mrs. Cole told him that a white male, 21 years of age, 6 feet tall, wearing a checked shirt and a light brown coat, who used a rifle or shotgun, robbed her; that said officer also talked to Mr. Gene Marshall and Mr. Richard Hood and went to 232 SE 44th Street where he observed a 1962 Chevrolet in the driveway; that the engine of the vehicle was warm and that another police officer, by the name of Wright, had obtained a search waiver and they went through the house searching for evidence and that he identified the defendant as being in the house and arrested her for Armed Robbery.

Nolan Lee Littleton, the State's last witness, the nephew of the defendant, testified that he had been drinking at the home of defendant, about four hours before he robbed the supermarket in question; that the defendant drove the car to the store; that after he personally robbed the store and ran out and got into the back seat of the car, he was pretty drunk at the time the robbery took place; that he had on a woman's coat and used a rifle that he had obtained from under the couch at the defendant's home; that after the robbery they went back to defendant's house but he was too drunk and hazy about the direction they took; that he ran inside the house and took off the coat, then saw police cars in the immediate area of the house so he ran out and spent the night in a tool house; that he and defendant had discussed robbing this store the night of the robbery and shortly after he had been released on a burglary charge; that he pled guilty to this Armed Robbery and a Burglary charge and was to be sentenced to 15 years.

This concluded the evidence of the prosecution. Thereafter, the defendant stated under oath that she desired not to testify in her behalf and the defense offered the testimony of Olga Littleton, who testified that she was the mother of the defendant; that the latter had six children and that they have survived on welfare; that the defendant took good care of the children and when asked if the defendant had any previous felony or misdemeanor convictions, the Court did not permit her to answer and sustained the prosecution's objection thereto.

▆▆ We deem it unnecessary to discuss at length the numerous assignments of

error presented by the defendant on appeal; suffice it to say that the evidence amply supports the verdict of the jury and there is no error which would justify reversal. The reception of hearsay testimony, however, over the objection of the defendant, which was cumulative of the testimony previously given by Mrs. Cole, was error.[1]

We are of the opinion that in the interest of justice, considering the erroneous admission of the hearsay evidence above referred to, together with the fact that defendant had no prior conviction and her co-defendant, who committed the robbery, was sentenced to 15 years for this crime of Robbery with Firearms and an additional Burglary charge, on his pleas of guilty, the judgment and sentence should be modified from a term of thirty (30) years imprisonment to a term of fifteen (15) years imprisonment, and as so modified, the judgment and sentence is affirmed.

Modified and affirmed.

BRETT, P. J., concurs in results.

NIX, J., concurs.

---

1. "Where hearsay testimony is improperly admitted not determinative of defendant's guilt but of such a nature as may have prejudiced defendant in the rendering of the punishment, it will be considered by this Court as grounds for modification." Syllabus # 6, Puckett v. State, Okl.Cr., 363 P.2d 953.