**Tommy Lee JONES, Plaintiff in Error,**

**v.**

**The STATE of Oklahoma, Defendant In Error.**

**No. A–15578.**

Court of Criminal Appeals of Oklahoma.

Aug. 30, 1971.

Don Anderson, Public Defender, T. Hurley Jordan, Asst. Public Defender, for plaintiff in error.

G. T. Blankenship, Atty. Gen., Max Martin, Asst. Atty. Gen., for defendant in error.

BUSSEY, Presiding Judge:

Tommy Lee Jones, hereinafter referred to as defendant, was charged, tried, and convicted for the offense of Grand Lar-

ceny in the District Court of Oklahoma County; his punishment was fixed at two years imprisonment, and from said judgment and sentence, a timely appeal has been perfected to this Court.

At the trial Jerry Fitzgerald, manager of a discount store at Main and Walker Streets in Oklahoma City, testified that on May 24, 1969, the defendant and two companions came into the store about noon. The two companions, whom he referred to as "A" and "B" sat down, and one of them, A, started trying on shoes.

Fitzgerald was tending to A and B, and had his back turned on the defendant, who was near the display window. Fitzgerald became suspicious and directed his porter to watch the three customers from the stock room. The defendant left first, without being observed by Fitzgerald. A and B left shortly behind the defendant. After they left, Fitzgerald observed an empty space in the display window, and an empty box in the stock room. A pair of Johnson-Murphy alligator shoes, valued at $39.95, were missing. He obtained a tag number of the car occupied by the defendant and his companions and reported it to the police. He later saw the defendant and A and B in police custody, and identified the shoes as being the ones taken from his store.

Elza Maloy testified that he was the porter at the store. He, after being directed by the manager, Fitzgerald, observed A and B leave the store; they were not carrying anything. He observed the defendant earlier in the store, but did not see the defendant leave. He saw defendant and A and B outside the store, apparently arguing. He obtained the license number of their car, and somewhat later, he came across the three at the railroad underpass on Second Street, and notified the manager.

Officer Arnold testified that on a complaint from Fitzgerald, he intercepted the vehicle, and arrested the defendant and A and B at the railroad underpass. Defendant was in the rear seat, and beside him were the alligator shoes; A and B were outside the vehicle.

Officer Barrett testified that after advising defendant and his companions of their rights against self-incrimination at the police station, one of the companions made a statement incriminating the defendant.

■ The first proposition asserts that the trial court erred in refusing to give an instruction on circumstantial evidence, although such instruction was not requested. The specific issue here presented was passed on squarely in Lawson v. State, Okl.Cr., 476 P.2d 89 (1970), wherein we stated in the second paragraph of the syllabus:

"2. Where circumstantial evidence alone is relied upon, court should instruct on law applicable thereto on its own motion and it must so instruct when requested by defendant, but where defendant has made no request for instruction on law of circumstantial evidence, failure of court to instruct does not constitute reversible error."

■ The final proposition asserts that inadmissible testimony was admitted into evidence. Officer Arnold, the arresting officer, testified that at the time he arrested the defendant and his two companions they were bickering among themselves and toward him. He testified that Mr. Wilburn, the driver, turned toward defendant, after defendant had been taken out of the car, and stated: "See, man, I told you not to put them shoes in my car." (Tr. 71) We are of the opinion that the statement was properly admissible as part of the res gestae.

■ Defendant further objects to certain testimony given by Officer Barrett concerning incriminating statements made by one of defendant's companions at the police station. In Hazelwood v. Oklahoma City, Okl.Cr., 430 P.2d 852, we held that it was improper to admit the testimony of an officer relating to statements of a

third party tending to incriminate the defendant, made in the presence of the defendant, and particularly is this true when such third party has not testified as a witness in the case, and has not been subjected to cross-examination by the accused.

We further held in Engst v. State, Okl. Cr., 474 P.2d 966, that where hearsay testimony is improperly admitted not determinative of defendant's guilt, but of such a nature as may have prejudiced the jury in the rendering of the punishment, it will be considered by this Court as grounds for modification. We therefore are of the opinion that justice would best be served by modifying the judgment and sentence to time served, and as so modified, the judgment and sentence is affirmed. Modified to time served, and affirmed.

BRETT and NIX, JJ., concur.