Vernon Delmer MAHAN, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. A–16892.

Court of Criminal Appeals of Oklahoma.

March 28, 1973.

Raymond Burger, Oklahoma City, for appellant.

Larry Derryberry, Atty. Gen., Yvonne Sparger, Asst. Atty. Gen., for appellee.

## OPINION

BLISS, Presiding Judge:

Appellant, Vernon Delmer Mahan, hereinafter referred to as defendant, was charged, tried and convicted in the District Court of Oklahoma County, Case No. 70-3630, for the crime of Robbery with Firearms under 21 O.S.1971 § 801. He was sentenced to serve 20 years in the state penitentiary, in accordance with the verdict of the jury, and a timely appeal has been perfected to this Court.

Briefly stated the facts are that at approximately 8:15 p. m. on the evening of December 15, 1970, a man identified as the defendant entered the Humpty-Dumpty Grocery Store located at 4612 S. Bryant in Oklahoma City, Oklahoma. The defendant

showed an employee the gun under his jacket, gave him a sack and told him to fill it up from the till and the safe. Having difficulty opening the safe, the defendant threatened the employee that he would shoot him if the employee didn't get the safe open. Two other employees saw and heard the defendant threaten the employee and saw the defendant leave the store with around four hundred dollars. These three employees described the robber as wearing a cap with ear flaps, dark sunglasses and a windbreaker type jacket. Mr. Ronnie Comer, an employee of a T.G. &Y., which is adjacent to the scene of the robbery, saw the defendant, clothed as the other witnesses said, walk out of the grocery store to a white 1963 Ford Fairlane, Oklahoma tag number XX–2403. Mr. Comer followed the defendant out to the car, where he wrote down the tag number on the back of his hand. The tag information was given to the investigating officer.

Officer Jim Blair received the tag number, checked the registration and in that manner traced the car to the defendant's home in Okarche, Oklahoma. Accompanied by several other officers, he went to the defendant's residence early on the morning of the 16th. He discovered the described "get-away" vehicle in the defendant's driveway. As he walked by it, he saw a hat and some dark glasses which fit the description he had received from the radio report of the robbery. The officers approached the house, but as they did, someone from inside yelled: "Cut those damn lights off or we'll blow your heads off." They proceeded into the house to the defendant's bedroom where they arrested the defendant and where they seized over a hundred dollars from the defendant's person. They impounded the vehicle and subsequently, obtained a search warrant before the actual search of the vehicle was carried out. From the vehicle, the officer seized the cap described, the sunglasses and a weapon.

It is the defendant's first contention that he was held for trial in District Court without reasonable cause, alleging insufficiency of the evidence produced at the preliminary hearing. We are unable to consider the question because there was no compliance with the statute which governs such allegations, that being 22 O.S.1971 § 494. The law is well established that if a motion to quash does not allege that the defendant is in good faith or if such motion is not verified, the Court has no alternative but to hold that the unverified motion is not properly before the court. From the record before us we cannot find support for the proposition that all allegations were "under oath, that he is acting in good faith;" therefore, we have no alternative but to hold the question as being not properly before this Court.

Next, defendant contends that the trial judge abused his discretion in not granting a continuance because the defense counsel was unable to prepare for his case. Counsel claims that he did not have time to get the defendant's file or to call any of the anticipated ten defense witnesses. This is the same counsel that represented the defendant at the preliminary hearing over three weeks prior to the trial date. It would seem to this Court that counsel had ample time to notify the witnesses and prepare a defense. Motion for a continuance in felony cases are directed to the sound discretion of the trial court, and unless abuse of such discretion clearly appears the trial court's refusal to grant a continuance will not be disturbed. Sasser v. State, Okl. Cr., 309 P.2d 1090 (1957); Brown v. State, Okl.Cr., 456 P.2d 604, 605 (1969). "The court may, for good cause shown, continue an action at any stage of the proceedings upon terms as may be just . . ." 12 O.S.1971 § 667. From the record before us, we cannot hold that under these circumstances the trial court abused its discretion. The defendant, of course, is entitled to a reasonable time to prepare for trial but the question of unreasonableness is dependent upon the surrounding circumstances and thus is largely discretionary. Riddle v. State, Okl.Cr., 374 P.2d 634, 637 (1962); Borrelli v. State, Okl.Cr., 453 P.2d

312, 313 (1969). We are of the opinion that counsel had a reasonable time to prepare his case. Therefore, we hold this assignment of error is without merit.

■ As the third proposition of error, the defendant has proposed that the trial court abused its discretion because it failed to sequester the jury, but defendant's third proposition not being supported by authority should not be considered. This Court has said many times:

"It is necessary for counsel for plaintiff in error not only to assert error, but to support his contentions by both argument and the citations of authorities. Where this is not done, and it is apparent that the defendant has been deprived of no fundamental rights, this court will not search the books for authorities to support the mere assertion that the trial court has erred."

Sandefur v. State, Okl.Cr., 461 P.2d 954, 956 (1969); Collins v. State, Okl.Cr., 407 P.2d 609 (1965).

■ We hold that the trial court did not abuse its discretion pursuant to 22 O.S. 1971 § 853. It is well established that prior to the submission of the case to the jury the trial judge is vested with the sound discretion as to whether to grant a request to sequester the jury and his ruling thereon will not be disturbed on appeal except for abuse of such discretion. In those cases where this Court has reversed the trial court, the record has clearly shown that failure to grant such a motion prejudiced the defendant. Reid v. State, Okl. Cr., 478 P.2d 988 (1970). A careful review of the record indicates that the issue was raised while the jury was retired from the courtroom in the custody of the court clerk (CM 12). The trial court in its discretion ruled: "The request to sequester the jury for tonight will be denied. We will consider the request from day to day . . ." (CM 13). This request and ruling were made at 4:30 p. m. in the afternoon before the jury had ever heard the information read and after a detailed admonition was given to them before they re-cessed (CM 15). Nowhere in his brief did defense counsel show that there was any prejudice which resulted by failure of the trial court to sequester the jury. It is incumbent upon the defense to show some actual misconduct of the jurors before counsel can allege reversible error, particularly where the alleged misconduct occurred prior to the submission of the case to the jury. Parks v. State, Okl.Cr., 457 P.2d 818, 822 (1969). Accordingly, we find that the action of the trial court was prudent and without error in this regard.

■ Defendant also asserts as error that the pretrial police lineup was illegal because it was not pursuant to the procedures set out in Thompson v. State, Okl. Cr., 438 P.2d 287 (1968). The procedures are again strongly recommended by this Court in order to safeguard an accused's rights but that it not to say that such procedures are binding to the point that it will be reversible error if they are not followed verbatim. We therefore hold that the defendant's rights were not prejudiced by the lineup.

■ Even if the police lineup were illegal, during the trial the defense counsel had an opportunity to examine and cross-examine each of the eyewitnesses to impeach their credibility and to attack their in-court identification of the defendant; the jury found that he was unsuccessful. Not only did the defendant have a lawyer appointed to represent him at the lineup, but he also had one to conduct an in-court confrontation of the witnesses. Therefore, the trial court preserved the defendant's rights set out in United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149, since generally speaking, a courtroom confrontation, in the presence of the court and counsel with the right of cross-examination provides adequate protection for the rights of the accused. From a complete review of the record we can find no substantial prejudice resulting from the pretrial lineup.

■ As to the motions to suppress the evidence, this Court will not reverse a trial

court upon findings of fact in connection with a motion to suppress the evidence where there is competent evidence in the record reasonably tending to support the findings of the trial court.

 Finally, the defendant asserts that the police had no right to be on his property and that the evidence received from such a visit is not admissible since it was seized pursuant to an illegal search and seizure. Title 22 O.S.1971 § 196 provides in part: "A peace officer may, without a warrant, arrest a person . . . when a felony has in fact been committed, and he has reasonable cause for believing the person arrested to have committed it." As we have said before:

"The use of the term 'probable cause' or 'reasonable cause' itself imports that there may not be absolute, irrefutable cause. If the facts are such that a reasonable, prudent man would have believed accused guilty, and would have acted upon that belief, a police officer is justified in making an arrest without warrant . . . [based upon] reasonable grounds . . ." Wafers v. State, Okl.Cr., 444 P.2d 825 (1968); Wilson v. State, Okl.Cr., 458 P.2d 315 (1969).

This does not mean that the requirements for this "reasonable cause" are less stringent when the arrest is without a warrant than with one, indeed, they may be more stringent; but it is to say that the arrest without a warrant must stand upon firmer grounds than mere suspicion, of course such grounds need not be evidence which would be sufficient to convict the accused. See, Wong Sun v. United States, 371 U.S. 471, 479, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963). The test is whether the arresting officer had reasonable cause to believe the crime had been committed by the arrestee based upon the facts and circumstances, at the moment of the arrest, within the officer's knowledge and of which he had reasonably trustworthy information. Were

such facts sufficient to warrant a prudent man in believing that the arrestee had committed an offense?

The arresting officers knew a felony had been committed; had been given a general description of the defendant; knew that the defendant had been seen fleeing from the scene of the robbery in a white 1963 Ford Fairlane, Oklahoma tag XX–2403; found the car matching the description parked on defendant's property later that night; sighted in plain view in such vehicle a hat and a pair of sunglasses which fit the description of the items worn in the robbery. These few facts alone are sufficient to constitute "reasonable cause" to believe the defendant committed the crime and therefore supported the arrest, since this Court does not believe that reasonable minds would differ in arriving at a belief that the appellant engaged in the felonious act.

 This Court has often held that where a person is legally arrested for an offense, without a warrant, whatever is found upon his person or within his control may be seized and held for evidence in the prosecution. Roberson v. State, Okl. Cr., 456 P.2d 595 (1967); Yeager v. State, 43 Okl.Cr. 318, 278 P. 665 (1929); Cowan v. State, 38 Okl.Cr. 399, 262 P. 710 (1928). In order to search without a warrant, the search must be contemporaneous, both in time and place, with the arrest. Faubion v. United States, 424 F.2d 437 (10 Cir. 1970). The officer may lawfully search the person and the immediate surroundings of the accused for the fruits of the crime or to secure evidence which might have been used in the perpetration of the alleged crime. Ward v. State, 95 Okl.Cr. 391, 246 P.2d 765 (1952).

For all of the above and foregoing reasons we are of the opinion that the judgment and sentence appealed from should be, and the same is hereby, affirmed.

BUSSEY and BRETT, JJ., concur.