Vernon Delmar MAHAN, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. A–17080.

Court of Criminal Appeals of Oklahoma.

May 4, 1973.

Lampkin, Wolfe, Burger, Abel, Mc-Caffrey & Norman, Oklahoma City, for appellant.

Larry Derryberry, Atty. Gen., Nathan Gigger, Asst. Atty. Gen., for appellee.

## OPINION

BLISS, Presiding Judge:

Appellant, Vernon Delmar Mahan, hereinafter referred to as defendant, was charged, tried and convicted in the District Court of Oklahoma County, Case No. CRF–71–525, for the crime of Robbery With Firearms under 21 O.S.1971, § 801. He was sentenced to serve five (5) years in the state penitentiary, in accordance with the verdict of the jury, and a timely appeal has been perfected to this Court.

Briefly stated, the facts are that at approximately 7:30 p.m. on December 9, 1970, the Quick Shop Grocery at 5310 North Rockwell in Oklahoma City, Oklahoma, was robbed by a lone, white male. During that robbery, a Mr. J. P. Reynolds, who was a customer in the store, was also robbed of approximately Fifty Dollars ($50.00). The man, identified by Mr. Reynolds and three other eye-witnesses at the trial as the defendant, had on dark glasses, a cap and a jacket. A cap and a pair of sunglasses which were seized from the defendant's vehicle on December 16 were identified in court to be similar to those items worn when the defendant robbed Mr. Reynolds. The defendant, after entering the store, had pulled a pistol from beneath his jacket and said, "Everybody just stay where you are; nobody's going anywhere." (Tr. 6) The two employees filled one sack with money from the till and another with cigarettes as the defendant checked Mr. Reynolds' billfold to make sure he had put all of his cash on the counter as he was requested to do. The defendant put that money in his pocket, then left with the two

grocery sacks saying, "If you value your lives, don't stick your head out of there [referring to the cooler in the rear of the store where the defendant had told them to stand] for at least five minutes." (Tr. 8)

Early on the morning of December 16, the defendant was arrested in the bedroom of his residence, money taken from his person, and his car was seized. Subsequent to the impounding of the car, a search warrant was obtained before the actual search of the inside of the vehicle was carried out. From the vehicle, the later identified cap and pair of sunglasses plus a pistol were seized, items which had been seen in the car on the floorboard at the time of the arrest. (Tr. 86)

■ It is the defendant's first contention that the above "search" of his car by the arresting officer was illegal and that the other searches and seizures pursuant to the arrest and the search warrant were illegal too. We cannot find merit in such contention. The arresting officer's act of observing the cap and sunglasses, items which were in *plain view*, cannot be considered an illegal search. It can be considered as nothing more than as information coming freely to the officer within the course of an arrest. In regard to the "plain view" test see Mallard v. State, Okl.Cr., 490 P.2d 1383, 1387 (1971) where the State introduced into evidence an automatic pistol which a police officer observed protruding from beneath the front seat of the defendant's car. See also, Cheatham v. State, Okl.Cr., 483 P.2d 1172, 1174 (1971). For the reasoning behind the decision of this Court as to the other search and seizure questions, we refer the reader to Mahan v. State, Okl.Cr., 508 P.2d 703 (1973), where Judge Bliss considered this very arrest, search and seizure of the defendant.

It is next contended that it was reversible error to allow oral evidence of the finding of a gun or seeing a gun in the defendant's vehicle when such gun was never introduced into evidence or linked, except by inference, with the gun used by the defendant in the commission of the robbery. Also, it was felt by the defendant that the interrogation carried on by the District Attorney throughout the trial made reference to matters not directly connected with the commission of the crime, e. g., the questions as to the arrest, but which were intended to influence the jury into inferring that the defendant had been involved in more than one crime.

■ It is to be noted from a reading of the transcript of the trial that defendant not only failed to object to questions propounded by the State in chief concerning items found in defendant's automobile at the time of his arrest, including the gun, but defendant cross-examined in reference to the same and made particular, detailed cross-examination of the other robbery of December 15th, six days subsequent to the robbery charged in the instant case. Defendant, therefore, has no cause to complain concerning the answers made, and the use thereof in argument, in response to his own cross-examination. His assertions of error in these particulars are weightless.

Lastly in connection with errors which were raised by the defendant in Mahan v. State, Okl.Cr., 508 P.2d 703, and might be decisive in this case, we refer again to the Opinion rendered in Mahan v. State, Okl. Cr., 508 P.2d 703 (1973).

For all of the above and foregoing reasons, we are of the opinion that the judgment and sentence appealed from should be, and the same is hereby, affirmed.

BRETT and BUSSEY, JJ., concur.