Dear Representative Bill Paulk,
¶ 0 This office has received your request for an official Attorney General Opinion in which you ask, in effect, the following questions:
 1. Do the provisions of 2003 Okla. Sess. Laws ch. 465, § 4, allow for confiscation of a pistol transported unlawfully in a motor vehicle when discovered during a stop for a moving traffic violation?
 2. May a law enforcement officer compel a person transporting a loaded pistol to cause the weapon to be unloaded when the weapon is discovered during a stop for a moving traffic violation?
 3. If a traffic citation is issued for transporting a loaded pistol pursuant to 2003 Okla. Sess. Laws ch. 465, § 4, may the pistol be seized as evidence to support the charges until such time as the fine is paid?
 4. Do the preemption provisions of 2003 Okla. Sess. Laws ch. 465, § 5, impose civil liabilities on a municipal or county law enforcement officer if the officer seizes a pistol which was transported in violation of 2003 Okla. Sess. Laws ch. 465, § 4?
 I. Introduction
¶ 1 In the 2003 First Regular Session, the Oklahoma Forty-Ninth Legislature enacted a new law at 2003 Okla. Sess. Laws ch. 465, § 4, (to be codified at 21 O.S. Supp. 2003, § 1289.13A[21-1289.13A]). That statute provides as follows:
 Notwithstanding the provisions of Sections 1272 or 1289.13 of Title 21 of the Oklahoma Statutes, any person stopped pursuant to a moving traffic violation who is transporting a loaded pistol in the motor vehicle without a valid concealed handgun permit authorized by the Oklahoma Self-Defense Act or valid license from another state, whether the loaded firearm is concealed or open in the vehicle, shall be issued a traffic citation in the amount of Seventy Dollars ($70.00), plus court costs for transporting a firearm improperly. In addition to the traffic citation provided in this section, the person may also be arrested for any other violation of law.
Id.
¶ 2 As the new statute references Sections 1272 and 1289.13 of Title 21, we must also examine those statutes. Section 1272, as amended during the 2003 legislative session, provides:
 A. It shall be unlawful for any person to carry upon or about his or her person, or in a purse or other container belonging to the person, any pistol, revolver, shotgun or rifle whether loaded or unloaded or any dagger, bowie knife, dirk knife, switchblade knife, spring-type knife, sword cane, knife having a blade which opens automatically by hand pressure applied to a button, spring, or other device in the handle of the knife, blackjack, loaded cane, billy, hand chain, metal knuckles, or any other offensive weapon, whether such weapon be concealed or unconcealed, except this section shall not prohibit:
 1. The proper use of guns and knives for hunting, fishing, education or recreational purposes;
 2. The carrying or use of weapons in a manner otherwise permitted by statute or authorized by the Oklahoma Self-Defense Act;
 3. The carrying, possession and use of any weapon by a peace officer or other person authorized by law to carry a weapon in the performance of officials duties and in compliance with the rules of the employing agency; or
 4. The carrying and use of firearms and other weapons provided in this subsection when used for the purpose of living history reenactment. For purposes of this paragraph, "living history reenactment" means depiction of historical characters, scenes, historical life or events for entertainment, education, or historical documentation through the wearing or use of period, historical, antique or vintage clothing, accessories, firearms, weapons, and other implements of the historical period.
 B. Any person convicted of violating the foregoing provision shall be guilty of a misdemeanor punishable as provided in Section 1276 of this title.
2003 Okla. Sess. Laws ch. 465, § 1 (amending 21 O.S. 2001, §1272[21-1272]) (new language emphasized).
¶ 3 Section 1289.13, the provision criminalizing transporting a loaded firearm, reads as follows:
 Except as otherwise provided by the provisions of the Oklahoma Self-Defense Act, or another provision of law, it shall be unlawful to transport a loaded pistol, rifle or shotgun in a landborne motor vehicle over a public highway or roadway. However, a rifle or shotgun may be transported when clip or magazine loaded and not chamber loaded when transported in an exterior locked compartment of the vehicle or trunk of the vehicle.
 Any person convicted of a violation of this section shall be punished as provided in Section 1289.15 of this title.
 Any person who is the operator of a vehicle or is a passenger in any vehicle wherein another person who is licensed pursuant to the Oklahoma Self-Defense Act to carry a concealed handgun and is carrying a concealed handgun or has concealed the handgun in such vehicle, shall not be deemed in violation of the provisions of this section provided the licensee is in or near the vehicle.
2003 Okla. Sess. Laws ch. 465, § 3 (amending 21 O.S. 2001, §1289.13[21-1289.13]).
¶ 4 The body of Oklahoma statutory law governing the possession of firearms also includes a number of other statutes. The Oklahoma Self-Defense Act ("Act"), 21 O.S. 2001, § 1290.1[21-1290.1]
through 1290.26,[1] permits possession of firearms to "carry out the constitutional right to bear arms for self-defense and self-protection." Id. § 1290.25. That Act authorizes the Oklahoma State Bureau of Investigation to license eligible persons to carry a concealed handgun as provided for in the Act, and defines eligibility, setting forth mandatory and other preclusions. Id. §§ 1290.3; 1290.10; 1290.11; 2003 Okla. Sess. Laws ch. 465, § 7 (amending 21 O.S. 2001, § 1290.9[21-1290.9]).
¶ 5 Title 21 O.S. 2001, § 1289.6[21-1289.6] liberally provides that a person shall be permitted to carry loaded and unloaded shotguns, rifles and pistols, open and not concealed, without a handgun license in a number of situations. That statute allows carrying unloaded shotguns, rifles and pistols, open and not concealed without a handgun license "[w]hen going to or from the person's private residence or vehicle or a vehicle in which the person is riding as a passenger to a place designated or authorized for firearms repairs or reconditioning, or for firearms trade, sale, or barter, or gunsmith, or hunting animals or fowl, or hunter safety course, or target shooting, or skeet or trap shooting or any recognized firearms activity or event and while in such places[.]" Id. § 1289.6(B)(1).
¶ 6 The new law, 2003 Okla. Sess. Laws ch. 465, § 4, (to be codified at 21 O.S. Supp. 2003, § 1289.13A[21-1289.13A]), applies specifically to persons stopped pursuant to a moving traffic violation, and applies to those who are transporting a loaded pistol without a valid permit, regardless of whether the loaded weapon is concealed or open. It requires that the offender be issued a traffic citation in the amount of seventy dollars ($70.00) plus court costs. Id. The new section of law specifically provides for arrest for "any other violation of law" in addition to the traffic citation. Id.[2]
¶ 7 Section 1289.13A differs from existing law in several respects. First, it applies only to those offenders stopped pursuant to moving traffic violations. Second, it applies only to pistols which are loaded. It does not apply to rifles or shotguns, and does not apply to unloaded weapons. Third, it applies regardless of whether the loaded pistol is open or concealed. The misdemeanor offense in Section 1272, on the other hand, applies with its exceptions to a number of specifically-delineated offensive weapons, whether loaded or unloaded, and whether concealed or open. Section 1289.13 prohibits transporting a loaded pistol, rifle or shotgun, but allows for transporting a rifle or shotgun "when clip or magazine loaded and not chamber loaded when transported in an exterior locked compartment of the vehicle or trunk of the vehicle." 2003 Okla. Sess. Laws ch. 465, § 3 (amending 21 O.S. 2001, §1289.13[21-1289.13]).
 II. The Fourth Amendment Allows For Seizure Of Weapons Carried In Violation Of The Law And Provides Exceptions For Warrantless Searches.
¶ 8 You specifically ask whether a law enforcement officer may seize the weapon if a vehicle is stopped pursuant to a moving traffic violation and a weapon is discovered. We begin by noting that the stop of a vehicle, even though brief and limited, is considered a seizure and that police officers must comply with the Fourth Amendment in seizing property. Delaware v. Prouse,440 U.S. 648, 653 (1979). However, due to the mobile nature of vehicles and pervasive government regulation, an individual has fewer expectations of privacy in an automobile than one would have in a home. New York v. Class, 475 U.S. 106, 112-14
(1986).
¶ 9 Under Oklahoma and federal law, a law enforcement officer has the authority to seize property under certain circumstances. These include, but are not limited to: (1) if evidence of a crime is observed in plain view; (2) if the officer has probable cause to believe a crime has been committed and exigent circumstances exist; (3) if the search is incident to a valid arrest; and (4) if the officer is protecting himself or herself and the public.
A. The Plain View Exception
¶ 10 A warrantless seizure is justified if an officer, lawfully in a place he or she has a right to be, observes an item in plain view and has "probable cause to believe that the item is contraband, a weapon, anything used in committing a crime, or other evidence of a crime." Dick v. State, 596 P.2d 1265,1267 (Okla.Crim. 1979); see also Washington v. Chrisman,455 U.S. 1, 5-6 (1982). Under this authority, once a vehicle is properly stopped for a moving traffic violation and an officer observes a pistol, the officer may seize the pistol simply because it is a weapon or because it is evidence of the commission of a crime, whether it is a violation of 2003 Okla. Sess. Laws ch. 465, § 4, or some other provision of law.
¶ 11 If an officer who has jurisdiction to do so issues a traffic citation pursuant to 2003 Okla. Sess. Laws ch. 465, § 4 and makes no custodial arrest, the officer may seize the pistol as the fruit of the commission of a crime. It would be foolhardy for an officer who observes a person unlawfully transporting a loaded weapon to release the offender with the weapon and allow the offender to continue to commit the criminal offense.
B. Probable Cause and Exigent Circumstances
¶ 12 An officer may also seize a pistol when he or she has probable cause to believe a crime has been committed. Although the Fourth Amendment generally requires officers to secure a warrant prior to executing a search, an exception exists with regard to automobiles. In Carroll v. United States,267 U.S. 132, 153 (1925), the United States Supreme Court held that a lawful search of an automobile may be made without a warrant where there is probable cause to believe that it contains that which is subject to seizure. This exception is based on the fact that the ready mobility of motor vehicles presents a great risk of imminent disappearance, thus making a warrant requirement impracticable. Id.
¶ 13 Thus, once an officer stops a vehicle and observes that a person is transporting a weapon, he or she has probable cause to believe that a crime has been committed. The law allows the officer, in this instance, to seize the weapon as evidence of a crime.
C. Search Incident to a Valid Custodial Arrest
¶ 14 Under Oklahoma law, a law enforcement officer may arrest a defendant for a public offense committed in the officer's presence. 22 O.S. 2001, § 196[22-196](1). "[T]his authority extends to arrests made pursuant to traffic offenses observed by the police." Simmons v. State, 725 P.2d 309, 310 (Okla.Crim. 1986); see also 47 O.S. 2001, § 16-114[47-16-114]. Although 2003 Okla. Sess. Laws ch. 465, § 4, provides that an officer shall issue a traffic citation for a violation of that section, it specifically allows for an arrest for "any other violation of law." Id. Thus, if the facts are such that an officer has the legal authority to make a custodial arrest, he or she may conduct a search incident to that arrest and seize incriminating evidence.
¶ 15 In Mahan v. State, 508 P.2d 703, 707 (Okla.Crim. 1973), the Court of Criminal Appeals held "that where a person is legally arrested for an offense, without a warrant, whatever is found upon his person or within his control may be seized and held for evidence in the prosecution." The officer may "search the person and the immediate surroundings of the accused for the fruits of the crime or to secure evidence which might have been used in the perpetration of the alleged crime." Id. In UnitedStates v. Robinson, 414 U.S. 218, 234 (1973), the United States Supreme Court noted that the justification for the authority to search incident to an arrest "rests quite as much on the need to disarm the suspect in order to take him into custody as it does on the need to preserve evidence on his person for later use at trial." Thus, if an offender stopped pursuant to a moving traffic violation is subject to a custodial arrest for a violation of any firearm law, a search may be conducted within the parameters of the arrest and the weapon may be seized and held for evidence.
¶ 16 Whether a particular arrest is lawful or whether a search incident to that arrest is reasonable under the facts of a particular case is a question of fact, which is outside the scope of an Attorney General Opinion. 74 O.S. 2001, § 18b[74-18b](A)(5).
D. Protection of the Officer
¶ 17 You next ask whether a law enforcement officer may compel the offender to cause the weapon to be unloaded. By your question, we assume that you refer to situations where the weapon is not seized. Courts have discussed the protection of law enforcement officers and have allowed officers to take reasonable measures to prevent the risk of harm to themselves or to the public. This reasoning stems from the case of Terry v. Ohio,392 U.S. 1 (1968). Unlike the situation you present, Terry
itself involved the stop and subsequent pat-down search of a person in the absence of probable cause. The Court recognized the need for law enforcement officers to protect themselves and other prospective victims in situations where they lacked probable cause for arrest. The Court stated that when the officer has a reasonable belief "that the individual whose suspicious behavior he is investigating at close range is armed and presently dangerous to the officer or to others, it would appear to be clearly unreasonable to deny the officer the power to take necessary measures to determine whether the person is in fact carrying a weapon and to neutralize the threat of physical harm."Id. at 24. The officer need not be absolutely certain that the individual is armed, as "the issue is whether a reasonably prudent man in the circumstances would be warranted in the belief that his safety or that of others was in danger." Id. at 27.
¶ 18 The United States Supreme Court extended this reasoning inMichigan v. Long, 463 U.S. 1032 (1983), to allow police to search the passenger compartment of an automobile if the officer possesses a reasonable belief based on "`specific and articulable facts which, taken together with the rational inferences from those facts, reasonably warrant' the officers in believing that the suspect is dangerous and the suspect may gain immediate control of weapons." Id. at 1049-50 (quoting Terry,392 U.S. at 21). In so doing, the Court recognized "that roadside encounters between police and suspects are especially hazardous, and that danger may arise from the possible presence of weapons in the area surrounding a suspect." Id. at 1049.
¶ 19 This reasoning is even more persuasive in the context of one who is stopped pursuant to a traffic violation and is known be in possession of a loaded pistol, as the officer does not have to rely on reasonable suspicion, but has actual knowledge that the person is in possession of a weapon. Under these facts an officer is justified, at the least, in requiring the offender to cause the weapon to be unloaded for the protection of the officer and the public.
¶ 20 Although we have concluded in general that an officer who discovers a pistol after stopping a person for a moving traffic violation may seize the pistol or cause it to be unloaded, whether a particular seizure is reasonable under the Fourth Amendment is heavily dependent on the facts of the individual case and is outside the scope of an Attorney General Opinion. 74 O.S. 2001, § 18b[74-18b](A)(5).
 III. The Preemption Doctrine Does Not Expose An Officer To Civil Liability If He Or She Is Acting In Accordance With State Law.
¶ 21 You last ask us to analyze the provisions of 2003 Okla. Sess. Laws ch. 465, § 5, (amending 21 O.S. 2001, § 1289.24[21-1289.24]), regarding preemption. That section is part of the provision entitled, "FIREARM REGULATION — STATE PREEMPTION" and provides for civil penalties in certain circumstances. In general, the preemption provision provides that the Oklahoma Legislature preempts the entire field of legislation in Oklahoma dealing with firearms to the exclusion of any order, ordinance, or regulation of any municipality or other political subdivision.
¶ 22 The new section states:
 D. When a person's rights pursuant to the protection of the preemption provisions of this section have been violated, the person shall have the right to bring a civil action against the persons, municipality, and political subdivision jointly and severally for injunctive relief or monetary damages or both.
Id.
¶ 23 This section applies in the context of State preemption. The statute provides that the Oklahoma "State Legislature hereby occupies and preempts the entire field of legislation in this state touching in any way firearms, components, ammunition, and supplies to the complete exclusion of any order, ordinance, or regulation by any municipality or other political subdivision of this state." Id. § 1289.24(A). The preemption statute contains an exception which allows for any "order, ordinance, or regulation by any municipality concerning the confiscation of property used in violation of the ordinances of the municipality as provided for in Section 28-121 of Title 11 of the Oklahoma Statutes." Id. § 1289.24(C). "Any existing or future orders, ordinances, or regulations in this field, [other than those] provided for in subsection C of this section, are null and void.Id. § 1289.24(A).
¶ 24 The obvious import of this preemption statute is to prevent municipalities or other political subdivisions from enacting ordinances, orders or regulations which differ from those adopted by the Oklahoma Legislature. The new provision, allowing for a person to bring a civil action against the persons, municipality and political subdivision for violating the preemption section, applies when a municipality or political subdivision exceeds the authority given by the Oklahoma Legislature in the field of firearm regulation.
¶ 25 In the case of a violation of 2003 Okla. Sess. Laws ch. 465, § 4, (codified at 21 O.S. Supp. 2003, § 1290.13A[21-1290.13A]), actions taken upon stopping a motor vehicle and seizing evidence of a crime would be taken in accordance with the provisions of Oklahoma law. The preemption provision would only apply if an officer sought to exercise authority granted by a municipality or political subdivision beyond that granted by the Oklahoma Legislature. The situation you reference does not involve the application of an order, rule or regulation of a municipal or political subdivision, and does not implicate the preemption provisions of Section 1289.24. Therefore, actions taken in accordance with Oklahoma law do not implicate preemption provisions.
¶ 26 It is, therefore, the official Opinion of the AttorneyGeneral that:
 1. The provisions of 2003 Okla. Sess. Laws ch. 465, § 4, (to be codified at 21 O.S. Supp. 2003, § 1289.13A), when considered with other statutory provisions and existing case law, allow for confiscation of a pistol transported unlawfully in a motor vehicle when discovered during a stop of a vehicle pursuant to a moving traffic violation, under either: (1) the plain view exception; (2) on the basis that probable cause exists that a crime has been committed; (3) as a search incident to a valid custodial arrest; or (4) as protection for the officer and the public.
 2. Under the authority which allows police officers to take steps to protect themselves and the public from weapons, primarily Terry v. Ohio, 392 U.S. 1, 24 (1968), a law enforcement officer may compel a person transporting a loaded pistol to cause the weapon to be unloaded when the weapon is discovered during a stop of a vehicle for a moving traffic violation.
 3. If a traffic citation is issued pursuant to 2003 Okla. Sess. Laws ch. 465, § 4, (to be codified at 21 O.S. Supp. 2003, § 1289.13A), the loaded pistol may be seized under existing Oklahoma case law as evidence to support the charge.
 4. The provisions of 2003 Okla. Sess. Laws ch. 465, § 5, (amending 21 O.S. 2001, § 1289.24), regarding preemption do not impose civil liabilities on a municipal or county law enforcement officer if the officer acts in conformity with State law in seizing a firearm which was transported in violation of 2003 Okla. Sess. Laws ch. 465, § 4, or other statutory firearm provisions.
 W.A. DREW EDMONDSON Attorney General of Oklahoma
 SANDRA D. RINEHART Senior Assistant Attorney General
[1] Several amendments were made to the Act in the 2003 First Regular Session of the Forty-Ninth Legislature; these will be discussed later in the Opinion.
[2] Although you did not specifically ask, there may be some concern as to whether an offender can be charged with a violation of another firearms provision, in addition to being issued a citation for a violation of 2003 Okla. Sess. Laws ch. 465, § 4, (to be codified at 21 O.S. Supp. 2003, § 1289.13A). We conclude that although the new provision provides for a mandatory penalty in certain limited situations, it does not preclude a charge for a violation of another statutory firearm provision if warranted by the facts of the case. The language states in pertinent part as follows: "[i]n addition to the traffic citation provided in this section, the person may also be arrested for any other violation of law." Id. The Legislature did not limit "any other violation of law" to non-firearms violations and did not repeal other existing firearm provisions. Thus, we presume that the Legislature intended that an offender may be charged with any other applicable firearms provision which the facts of the case support. Therefore, the issuance of a citation pursuant to 2003 Okla. Sess. Laws ch. 465, § 4 is not an exclusive remedy if the facts of the case support a charge for a violation of another statutory firearms provision.